UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IK SOO JEON, | ) | NO. CV 17-6383-JFW (AGR) |
| Petitioner, | ) | |
| v. | ) | |
| MARTIN FRINK, Warden, | ) | ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge ("Report") and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

In Ground One, Petitioner argued the trial court erred by allowing the prosecution to argue that any bone fracture automatically qualified as a great bodily injury during closing arguments. Petitioner again objects that the prosecution misled the jury into believing that all bone fractures are great bodily injuries. (Dkt. No. 49 at 4.) Petitioner has not shown that the prosecution's

comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Greer v. Miller*, 483 U.S. 756, 765 (1987). The Report explained that the prosecution did not manipulate or misstate the evidence, but permissibly argued that evidence of the victim's injuries supported a finding of great bodily injury. Report at 10; *Ceja v. Stewart*, 97 F.3d 1246, 1253-54 (9th Cir. 1996) ("Counsel are given latitude in the presentation of their closing arguments, and the courts must allow the prosecution to strike hard blows based on the evidence presented and all reasonable inferences therefrom."). A prosecutor may argue reasonable inferences from evidence in the record. *United States v. Young*, 470 U.S. 1, 8 n.5 (1985). Petitioner also fails to acknowledge that the trial court gave a curative instruction and that the weight of the evidence against him was strong, thereby diminishing the chances that the comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 168, 181-82, 196 (1986).

In his objections, Petitioner further argues that he was not permitted to have an expert provide a second opinion about whether or not the evidence established the great bodily injury allegation. Petitioner contends that the jury made its determination after only hearing from a "single-sided witness in the prosecution[']s favor." (Dkt. No. 49 at 3.)[1] Petitioner's argument that the trial court excluded a defense medical expert is unsupported by the record. The transcript pages he cites address an expert who allegedly retrieved information from Petitioner's cell phone. (Obj. at 3 (citing Exh. II to Petition, RT 322:18-324:16, 601:24-602:8, 603:14-23, 604:5-16, 607:16-28, 608:7-13, 610:22-28.) Moreover, Petitioner does not identify any argument about the medical evidence that is not cumulative, and his claims about what a medical expert might have

---

[1] It does not appear that Petitioner exhausted this claim before the California Supreme Court. Nonetheless, the Court exercises its discretion to consider the new claim because it is clearly without merit.

said at trial is mere speculation.  *See Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000) (rejecting claim when petitioner provided "no evidence that [the] witness would have provided helpful testimony for the defense-i.e., [petitioner] has not presented an affidavit from [the] alleged witness.").

Petitioner objects to Dr. Najand's testimony that the victim sustained multiple fractures and broken bones, which, he contends, was contradicted by CT-Scans and other evidence in Exhibit AA to the Petition.  Petitioner appears to contend that evidence was not introduced to undermine the prosecution's case concerning the victim's injuries.  (Obj. at 5.)  However, the record indicates that defense counsel cross examined Dr. Najand and inquired about some of the injuries that Dr. Najand alleged the victim sustained, including the bone fractures, in an ultimate attempt to undermine the prosecution's theory concerning how the injuries occurred, as well as the extent and severity of those injuries.  (RT at 926-31.)  The jury was able to assess Dr. Najand's credibility.  Petitioner is unable to establish a due process violation from the admission of Dr. Najand's testimony.

Petitioner's remaining objections are without merit.

IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED:  June 2, 2020

JOHN F. WALTER
United States District Judge

3